R-398  413



# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1947

Hon. M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Opinion No. V-184

Re: The effect to be ac-
corded our nepotism
statute where a valid
contract is executed
with a teacher, and
there is subsequently
elected a school trus-
tee who is within the
proscribed degree of
relationship.

Dear Sir:

You propound to us the following questions:

"I have before me for solution the ques-
tion of legality of the following situation
arising out of one of our common school dis-
tricts of Lee County, Texas; It relates to the
validity of a school teachers two year con-
tract, and her contract pay under her employ-
ment; Briefly stated, Almeta Roberson, a col-
ored teacher holding a degree was employed on
March 12th 1947 to teach the Doak Springs
school for the scholastic period and school
year of 1947 to 1948-Her contract was duly
signed and executed by the three trustees of
said district to wit; Thomas Hodge-O.B. Thom-
as-George Washington- she had taught in said
school for the school year 1946 to 1947.

"The trustees were in no manner related
to Altameta Roberson the teacher and were law-
fully authorized to execute this contract,
which happened to be a two year contract; Such
contract was authorized by the Statute which
provides that teachers may be elected for a
term of two years-On April 5, 1947, in ac-
cordance with law requiring elections for
school trustees to be held over the State,
one Timothy Roberson was elected to take the

place of Geo. Washington, a trustee who was
defeated for re-election as trustee for said
district;

"Timothy Roberson will assume office on
May 1st 1947 as trustee. Timothy Roberson
is the uncle of Altameta Roberson's husband,
which would make her a relative within the
second degree by affinity to the newly elect-
ed trustee Timothy Roberson.

"The Board of Trustees have voted to fix
the pay of the teacher at a sum equaling the
maximum sum fixed by the State Department of
Education at Austin, this sum now being un-
certain until the Legislature completes the
law as to base pay-rural aid-and per capita.
As the matter now stands under the laws of
Texas, the teacher has a valid contract with
a valid Board of trustees who have elected
her for the year just ahead to teach the
school. The following questions are pro-
pounded to you for clarification, to-wit;

"Question No. 1
     After a valid contract is made by the
Board of Trustees and the teacher, and duly
signed and executed, does the electorate or
voters have the power to destroy or invali-
date a valid contract between the board and
the teacher by electing a relative of within
the prohibited degree as trustee.

"Question No. 2
     Would the destruction of such contract
be a violation of the Constitution of the
United States and State of Texas, especially
Article 1 Section 16 which provides 'no bill
of attainder, ex post facto law, retroactive
law or ANY LAW IMPAIRING THE OBLIGATION OF
CONTRACTS be made.'

"Question No. 3
     The Nepotism law only inhibits an offi-
cer from 'APPOINTING, VOTING FOR OR CONFIRM-
ING' a relative. In this case the relative
has done none of these things;
     Article 435 provides 'no officer or
other person included within the third pre-
ceding article shall approve any account
etc.'

The third article referred to specifically relates to any officer who 'appoints, votes for or confirms'. Now since the newly elected trustee did neither of these things, would it be illegal for the other two members of the board to approve the teachers voucher?

"Question No. 4
Would not the teacher be entitled to the compensation and contract salary for the year 1947-1948 for which she was duly elected, and entered into a contract with a valid and eligible board of trustees."

Article 432 of our Penal Code is commonly known as the anti-nepotism statute. It is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district, or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

You are respectfully advised that the election of the school trustee who is related within the prohibited degree to the teacher who had been previously employed for the year 1947-1948, would not operate retroactively to void the contract.

We hand you herewith copy of Opinion No. O-6330 rendered by this department January 25, 1945, which is in

line with our holding herein.

## SUMMARY

The election of a trustee to a board of school trustees, who is related to a teacher of such school having a valid existing contract with the board, does not make void such contract under Article 432 of the Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant

OS:wb:jt

APPROVED MAY 6, 1947

*Price Daniel*

ATTORNEY GENERAL